# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY PURNELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 7070 |
| SHERIFF OF COOK COUNTY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, currently a federal prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Cook County and its Sheriff, violated the plaintiff's constitutional rights by repeatedly subjecting him to an illegal search and seizure. More specifically, the plaintiff alleges that on multiple occasions when he was admitted to the jail, he was required to submit to a non-consensual test for sexually transmitted diseases that involved the insertion of a cotton swab into his penis. This matter is before for ruling on the defendants' motion to dismiss, which the court is treating as a motion for summary judgment. *See* Fed. R. Civ. P. 12(c); Minute Order of January 29, 2009 (converting the motion to summary judgment and granting the parties the opportunity to submit any additional materials they deemed relevant). For the reasons stated in this order, the motion is granted.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Walker v. Northeast Regional Commuter Railroad Corp.*, 225 F.3d 895, 897 (7th Cir. 2000).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted).

## **FACTS**

The defendants filed a statement of uncontested material facts pursuant to Local Rule 56.1(a)(3) (N.D. Ill.). Together with their summary judgment motion, the defendants served on the plaintiff the mandatory notice under Local Rule 56.2, explaining the requirements of the Local Rules and warning the plaintiff that his failure to respond with appropriate evidentiary support could result in entry of judgment against him. (Document no. 40, Notice to Pro Se Litigant.) Despite the admonition, the plaintiff has not submitted a statement of contested facts supported by citations to the record; instead, he simply states his opposition to certain asserted facts. However, unsupported statements in a brief are not evidence and cannot be given any weight. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted; mere disagreement is inadequate if made without reference to specific supporting material).

Because the plaintiff is proceeding *pro se*, the court will consider the factual assertions he makes in his brief, but only to the extent that the plaintiff could properly testify about the matters asserted at trial–that is, only with respect to those facts within the plaintiff's personal knowledge. *See* Fed. R. Evid. 602. The following facts, gathered from the defendants' statement of facts, the parties' exhibits, and the record in Case No. 06 C 0493 (N.D. Ill.) are therefore deemed undisputed for purposes of this motion:

In 2006, a former detainee at the Cook County Jail filed suit regarding the non-consensual insertion of a cotton swab in his penis as part of his admission to the jail. (*See Jackson v. Sheriff of Cook County, et al.*, Case No. 06 C 0493 (N.D. Ill.), Complaint, document no. 1.) Shortly thereafter, the complaint was amended to seek class action status on behalf of all pre-trial detainees who, on or after January 27, 2004, had been subjected to the cotton swab test for sexually transmitted diseases. (*Jackson, supra*, Amended Complaint, document no. 7.)

In 2007, the parties reached a settlement agreement in *Jackson*. (Defendants' Exhibit 3, Settlement Agreement, document no. 228 in case no. 06 C 0493.) Judge Coar of this district, who presided over *Jackson*, approved the form and manner of a notice sent to class members. *See Jackson, supra*, Minute Entry of August 29, 2007. The notice granted class members until October 8, 2007, to object to the proposed settlement agreement and/or to opt out. (Settlement Agreement, p. 5; Plaintiff's Exhibit 6, "Notice of Settlement of Class Action.") The notice was sent by first class mail to the last "ascertainable" address of class members, with class counsel directed to make "reasonable efforts" to locate each class member. (*Id.*)

Class counsel Kenneth Flaxman supervised the mailing of the notice to class members. (Defendants' Exhibit 5, Affidavit of Kenneth Flaxman, ¶¶ 1, 3.) At the time notice was mailed out to class members, Flaxman was unaware of any inmate in federal custody. (Id., ¶ 5.)

In connection with the *Jackson* litigation, Andrew Krok, a programmer for the Cook County of Department of Corrections, created a database of all males booked into the Cook County Jail from January 27, 2004, through March 31, 2005. (Defendants' Exhibit 4, Affidavit of Andrew Krok, ¶ 2.) Krok gathered names, addresses, birth dates, and other identifying information for each inmate. (*Id.*, ¶ 3.)

One of the inmates listed was a Larry Purnell, for whom Krok obtained a street address in Indiana. (Id., ¶ 4.). The plaintiff concedes that he lives at that address when not incarcerated, but

points out that the computerized print-out of the address lacked an east/west designation and included the wrong ZIP code.

In addition, there is apparently more than one Larry Purnell in the area who has been incarcerated at the Cook County Jail. (Plaintiff's Exhibit 4, Letter from the Office of Corporation Counsel.) The plaintiff maintains that he therefore did not receive actual notice of the lawsuit until the end of November 2007, when his son received notice of the pay-out.[1]

The court approved the settlement agreement on November 2, 2007. (Defendants' Exhibit 10, Minute Entry (Coar, J.).)

On December 17, 2007, the plaintiff initiated this independent lawsuit. ("Notice for Suit for Damages," document no. 1.) The complaint, alleging six instances of the challenged medical test during jail intake in 2004 and 2005, encompassed the time period covered by the *Jackson* class action.

On or about April 24, 2008, the plaintiff submitted an "opt-out" notice in *Jackson*. (Defendants' Exhibit E, Plaintiff's Opt-Out Form.) Although dated April 2008, the plaintiff made a notation that, "I sent you the first O.P.T. form in November 2007." (*Ibid.*)

## **DISCUSSION**

No material facts are in dispute, and the court finds that the defendants are entitled to judgment as a matter of law. Because the plaintiff failed to "opt out" of the *Jackson* class settlement in a timely manner, this suit is barred by the doctrine of *res judicata*.

It is largely irrelevant whether the Plaintiff received actual notice of the class settlement. In *Fontana v. Elrod*, 826 F.2d 729 (7th Cir. 1987), individuals who were members of the certified class in a prior class action filed a new lawsuit after their petition to file a late claim in the earlier case was

---

[1] Although the plaintiff cites the form as evidence that was his first indication of the existence of the class action, the notice makes specific reference to receipt of Damien Purnell's previously received claim form. Hence, the plaintiff's son, at least, had notice before the end of November 2007, when the confirmation notice was mailed to him.

denied. The court dismissed the second lawsuit on grounds of *res judicata*, and the U.S. Court of Appeals for the Seventh Circuit affirmed. Here, as in *Fontana*, the district court in the first case (a) ordered that notice be sent to each member of the class, (b) determined that the best practicable notice had been provided, and (c) following a fairness hearing, approved the settlement. In addition, in the case at bar, like in *Fontana*, the plaintiff is indisputably a class member raising the same claim as resolved in the prior class action.

For purposes of the dispositive motion, the court will accept at face value the plaintiff's representation that he did not receive timely notice of the class settlement and his right to opt out, notwithstanding the mailing of the notice to his home address. Nevertheless, although it is most unfortunate that the plaintiff did not receive actual notice, he is bound by the terms of the settlement because notice to the class was reasonable. *Fontana*, 826 F.2d at 731. "While the notice must be adequate, it is not necessary that each member of the class actually receive that notice. '[A]n absent class member will be bound by any judgment that is entered if appropriate notice is given, even though that individual never actually received notice.'" *Id.* at 732, citing 7B C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1789, at 253 (2d ed. 1986).

Even assuming that the plaintiff filed his opt-out form in November 2007 rather than in April 2008, he had already missed the deadline. "In any settlement, there will invariably be some class members who may not receive timely notice of the settlement. Still, the function of the opt out deadline serves an important purpose, and it should not easily be disturbed. The defendants in this case mailed notice to Class Members in compliance with the instructions of this court." *Breslow v. Prudential-Bache Properties, Inc.*, No. 91 C 1230, 1994 WL 478611, 4 (N.D. Ill. Sep. 1, 1994) (Kocoras, J.) (denying a motion for relief from judgment after the opt-out deadline had passed); *see also In re VMS Securities Litigation*, 156 F.R.D. 635 (N.D. Ill. 1994) (Conlon, J.) (ruling that a class member was bound by the final judgment approving a settlement agreement in a securities fraud class action, even if he did not receive actual notice of his right to opt out of the class action, so long as the defendant provided the best practicable notice by mailing a timely notice to class members).

Because the plaintiff failed to properly opt out of the *Jackson* class settlement by the date imposed by the court, he is precluded from pursuing an independent lawsuit.

In sum, the court finds that this suit is barred by the settlement agreement reached in *Jackson v. Sheriff of Cook County*, Case No. 06 C 0493 (N.D. Ill.), because the plaintiff failed to "opt out" of the class by the court-imposed deadline. Summary judgment is accordingly granted in favor of the defendants.

If the plaintiff wishes to appeal this final judgment, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may be assessed a "strike" under 28 U.S.C. § 1915(g). The plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

## **CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss [#29], which the court is treating as a motion for summary judgment, is granted. The court finds that the plaintiff is bound by the settlement agreement reached in *Jackson v. Sheriff of Cook County*, Case No. 06 C 0493 (N.D. Ill.), and therefore grants summary judgment in favor of the defendants pursuant to Fed. R. Civ. P. 56. The case is terminated. The plaintiff's motion for leave to file an amended complaint to correct a scrivener's error regarding the amount of damages sought [#25] is denied as moot.

Enter: *Blanche M. Manning*

Blanche M. Manning
United States District Judge

Date: May 4, 2009